# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 99-508V
(E-Filed: February 21, 2013)

```
* * * * * * * * * * * * * * *
PAUL MICHAEL TEKNUS, a minor,      *    UNPUBLISHED
by his parents KENNETH TEKNUS and  *
LISA TEKNUS                        *    Chief Special Master
                                   *    Campbell-Smith
          Petitioners,            *
                                   *    Diphtheria, Tetanus, and Pertussis
     v.                            *    (DTaP),Hepatitis B (Hep B), and
                                   *    Haemophilus Influenzae type B (Hib)
SECRETARY OF HEALTH AND            *    Vaccines; Seizures; Acute Disseminating
HUMAN SERVICES,                    *    Encephalomyelitis (ADEM); Damages;
                                   *    Stipulation
          Respondent.             *
                                   *
* * * * * * * * * * * * * * *
```

Ronald C. Homer, Boston, MA, for petitioners

Traci R. Patton, Washington, DC, for respondent

## DECISION AWARDING DAMAGES[1]

On July 26, 1999, petitioners, Kenneth Teknus and Lisa Teknus, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"), on behalf of their son Paul, alleging that Paul suffered injuries as a

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

1

result of receiving certain vaccinations.[2]  Among the injuries petitioners' allege Paul suffered as a result of receiving the Diptheria, Tetanus, and Pertussis (DTaP), hepatitis B (Hep B), and Haemophilus Influenzae type B (Hib) vaccines were seizures and acute disseminating encephalomyelitis (ADEM).

Respondent denies that Paul's seizures, ADEM, and/or any other injury was caused by his receipt of the DTaP, Hep B, and Hib vaccines.  Nonetheless, both parties, while maintaining their above stated positions, agreed in a Stipulation filed February 21, 2013, ("Stipulation") that the issues before them can be settled and that a decision should be entered awarding petitioners compensation.

The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The stipulation awards:

A lump sum of $100,000.00, in the form of a check payable to petitioners as guardians/conservators of Paul's estate.  This amount represents compensations for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

However, as per the parties' stipulation:

No payments…shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of Paul's estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Paul Michel Teknus at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Paul Michael Teknus upon submission of written documentation of such appointment to the Secretary.

Stipulation ¶ 13.

---

[2]  The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

The undersigned approves the requested amount for petitioners' compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Patricia E. Campbell-Smith
Patricia Campbell-Smith
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

PAUL MICHAEL TEKNUS, a minor, by )
his parents, LISA TEKNUS and KENNETH )
TEKNUS, )
)
) No. 99-508V
Petitioners, ) Chief Special Master Campbell-Smith
v. ) ECF
)
SECRETARY OF HEALTH AND HUMAN )
SERVICES, )
)
Respondent. )
)

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, Paul Michael Teknus ("Paul"), petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). An amended petition was filed on February 17, 2012. The amended petition seeks compensation for injuries allegedly related to Paul's receipt of Diphtheria-Tetanus-acellular Pertussis ("DTaP"), hepatitis B ("Hep B"), and Haemophilus influenza type B ("Hib") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Paul received DTaP; Hep B, and Hib immunizations on April 15, 1998.

3. The vaccines were administered within the United States.

4. Petitioners allege that Paul suffered seizures and acute disseminating encephalomyelitis ("ADEM") as a result of the vaccines. They further allege that he experienced residual effects of these injuries for more than six months.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Paul as a result of his condition.

6. Respondent denies that the vaccines caused Paul to suffer seizures, ADEM, or any other injury, and denies that Paul experienced the residual effects of any injury for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment: a lump sum of $100,000.00 in the form of a check payable to petitioners as guardians/conservators of Paul's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Paul as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of Paul's estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of Paul's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Paul Michael Teknus at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Paul Michael Teknus upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as legal representatives of Paul, on behalf of themselves, Paul, and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and

3

Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Paul resulting from, or alleged to have resulted from, any of the vaccinations administered on April 15, 1998, as alleged by petitioners in a petition for vaccine compensation filed on or about July 26, 1999, in the United States Court of Federal Claims as petition No. 99-508V.

15. If Paul should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, Hep B, and Hib vaccines caused Paul to suffer seizures, ADEM, or any other injury or condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of Paul Teknus.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

5

Respectfully submitted,

PETITIONERS:

*[signature]* 1/31/2013

LISA TEKNUS

*[signature]* 1/31/2013

KENNETH TEKNUS

ATTORNEY OF RECORD FOR
PETITIONERS:

*Christina Ciampolillo*

Ronald C. Homer by Rule 83.1(c)(2)
RONALD C. HOMER, ESQ.
Conway, Homer & Chin-Caplan, PC
16 Shawmut Street
Boston, MA 02116
Tel: (617) 695-1990

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

*[signature]*

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*Traci R. Patton*

TRACI R. PATTON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-1589

Dated: 2-21-2013

6